25 CV 01753

CAUSE #

| | | |
|---|---|---|
| DANIEL DE OLIVEIRA, MD<br>PLAINTIFF<br><br>V.<br><br>VALLEY BAPTIST REALTY<br>COMPANY, LLC – TENET<br>HEALTHCARE<br>DEFENDANTS | §§§§§§§§§§§§ | UNITED STATES DISTRICT<br>COURT<br><br>SOUTHERN DISTRICT OF<br><br>NEW YORK |

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**
**PURSUANT TO RULE 36**

Sunday, March 2, 2025

**TO:** Defendants **VALLEY BAPTIST REALTY COMPANY, LLC** and **TENET HEALTHCARE CORPORATION**

**FROM:** Plaintiff **DANIEL D. DE OLIVEIRA, MD**

Pursuant to **Rule 36** of the **Federal Rules of Civil Procedure**, Plaintiff requests that Defendants admit or deny the following statements within **30 days** of service.

## I. LEGAL STANDARD

1. Under **Rule 36(a)(1)** of the **Federal Rules of Civil Procedure**, a party may serve a written request to admit the truth of matters relating to:

- a) Facts, the application of law to fact, or opinions about either; and
- b) The genuineness of any described documents.

2. The purpose of **Rule 36** is to narrow the issues for trial, eliminate the necessity of proving undisputed facts, and facilitate the efficient administration of justice.

3. Pursuant to **Rule 36(a)(3),** a matter is deemed admitted unless the responding party serves a **written answer or objection within 30 days.**

4. Defendants must provide **specific denials or detailed explanations** why they cannot truthfully admit or deny any request, as required by **Rule 36(a)(4).**

## II. REQUESTS FOR ADMISSIONS

1. **Admit or deny** that Dr. Daniel De Oliveira, MD, is **not a party** to the lease agreement between Valley Baptist Realty Company, LLC and Valley Heart and Vascular Institute, PLLC.

2. **Admit or deny** that the lease agreement does **not** contain an arbitration clause.

3. **Admit or deny** that Defendants are **proceeding with arbitration** against Dr. Daniel De Oliveira, MD, **without a valid arbitration agreement.**

4. **Admit or deny** that **JAMS and Valley Baptist Realty Company, LLC** issued arbitration invoices to Dr. Daniel De Oliveira, MD, despite knowing there was **no arbitration clause.**

5. **Admit or deny** that Defendants have **not provided any written agreement** signed by Dr. Daniel De Oliveira, MD, agreeing to arbitration.

6. **Admit or deny** that Texas law and the Federal Arbitration Act require a **valid and enforceable arbitration agreement** before arbitration can proceed.

7. **Admit or deny** that Valley Baptist Realty Company, LLC could have **withdrawn the case** when jurisdiction was contested but knowingly pursued litigation against Dr. De Oliveira without jurisdiction.

8. **Admit or deny** that the order drafted by Defendants' attorneys and signed by Judge Garza **threatens Dr. De Oliveira with sanctions if he questions jurisdiction.**

9. **Admit or deny** that the **party asserting a claim has the burden to prove it**, and Defendants must prove they have the **legal basis to arbitrate** against Dr. Daniel De Oliveira, MD.

10. **Admit or deny** that attempting to impose arbitration **without a contractual basis** is a **violation of due process** under Texas law.

11. **Admit or deny** that **Cameron County Court at Law 1** proceeded with litigation despite lacking personal jurisdiction over Dr. Daniel De Oliveira, MD.

12. **Admit or deny** that **JAMS and Defendants** failed to verify the existence of a valid arbitration agreement before proceeding with arbitration.

13. **Admit or deny** that Defendants have **misrepresented** in legal proceedings that Dr. Daniel De Oliveira, MD, was personally liable under the lease agreement.

14. **Admit or deny** that **Defendants and JAMS** have used **improper legal tactics** to pressure Dr. Daniel De Oliveira, MD, into arbitration.

15. **Admit or deny** that Defendants have sought to **force an individual into arbitration under a contract that does not contain an arbitration clause.**

16. **Admit or deny** that **JAMS and Defendants** are proceeding with arbitration **without proving they have the contractual right to do so.**

## III. CONCLUSION

Pursuant to **Rule 36(a)(3)**, Defendants are required to **respond within 30 days** of service. Failure to timely respond will result in all matters being **deemed admitted**.

**Respectfully submitted,**

*[signature]*

**Daniel De Oliveira, MD**
**Pro Se**
374 East Meadow Av., Apt C
East Meadow, NY 11554
Cell: (979) 373-4933
Fax: (906) 366-8234
Email: danieldeoliveira@me.com